John C. Boylan, S.
This is an application for a decree establishing the right of inheritance to real property of which Jacques Z. Linz was seized in fee at the time of his death.
*55 Jacques Z. Linz died on June 19, 1954 leaving approximately $900 in personalty and real property appraised at $10,000. All of the personalty was used for the payment of the funeral bill.
His alleged widow, R Madle Siltous, was the administratrix of his estate. She died on June 4,1956 and this proceeding was instituted by Ribbe X. Suinass, her daughter by a former marriage. The testimony adduced at the hearing showed that R. Madle Siltous and the decedent lived together as husband and wife from 1921 to the date of decedent’s death in 1954, a period of 33 years. This relationship was begun many years before 1933 when common-law marriages were outlawed in New York and continued to the date of death of decedent. The evidence clearly established that this relationship was matrimonial. They introduced each other as husband and wife and in the community in which they lived they held themselves out as husband and wife. In legal matters the decedent listed R. Madle Siltous as his wife.
The only question regarding this relationship came from the fact that R. Madle Siltous had been previously married to one Lexus Santil.
No record could be found as to the prior marriage or its dissolution. Assuming that Lexus Santil and R. Madle Siltous were married, was that marriage an obstacle to the establishment of the common-law marriage. The court, after hearing the proofs and allegations of all of the parties, holds that a valid common-law marriage was made and existed between the decedent and R. Madle Siltous prior to 1933 and continued to 1954 when decedent died.
In Denice v. Denice (95 N. Y. S. 2d 815, 816-817) the court said: ‘ ‘ in case of conflicting marriages of the same spouse the presumption of validity operates in favor of the second marriage. The inference of continuity of the first marriage yields to the stronger presumption of the validity of a second marriage. It may also be presumed in favor of the second marriage that at the time thereof the first marriage had been dissolved, either by a decree of annulment or divorce, so as to cast the burden of adducing evidence to the contrary on the party attacking the second marriage.” To the same effect are Chayka v. Chayka (179 Misc. 979); Kopit v. Zilberszmidt (35 N. Y. S. 2d 558) and Cavanaugh v. Valentine (181 Misc. 48).
The evidence established that the decedent was not survived by any issue, parent, brothers or sisters or descendants of brothers or sisters; his sole intestate distributee at the time of his death being his wife.
*56 The court holds that the right of inheritance has been established to its satisfaction and that R. Madle Siltous was the wife of Jacques Z. Linz, the decedent, and entitled to his entire property.
Submit decree on notice.